UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ZIPPORAH FILMS, INC.,

        Plaintiff,

     v.

MADISON SQUARE GARDEN, L.P.,
MADISON SQUARE GARDEN CENTER, INC.,

        Defendants,

-------------------------------------------------------------X

**REPLY TO COUNTERCLAIM**

Index No. 06 CV 6451 (DC)

ECF Case

       Plaintiff and Counterclaim-Defendant ZIPPORAH FILMS, INC. ("ZIPPORAH"), by its

undersigned attorneys, for its Reply to the Counterclaim filed by Defendant and Counterclaim-

Plaintiff, Madison Square Garden, L.P. ("MSG"), responds as follows:

       1. Admits the Court has jurisdiction over the subject matter of this action, and denies

knowledge or information as to the remaining allegations contained in paragraph 51 of the

Counterclaim.

       2. Admits that MSG has offices in the Southern District of New York and that venue is

proper in the Southern District of New York, and denies the remaining allegations contained in

paragraph 52 of the Counterclaim.

       3. Denies knowledge or information as to the allegations concerning the location of

Counterclaim-Plaintiff and admits the remaining allegations contained in paragraph 53 of the

Counterclaim.

       4. Admits the allegations contained in paragraph 54 of the Counterclaim.

Dockets.Justia.com

5. Denies the allegations contained in paragraph 55 of the Counterclaim, except admits Zipporah and MSG entered into an agreement (the "Agreement"), and respectfully refers the Court to the Agreement for the terms thereof.

6. Denies the allegations contained in paragraph 56 of the Counterclaim, and respectfully refers the Court to the Agreement for the terms thereof.

7. Denies the allegations contained in paragraph 57 of the Counterclaim, except admits that a representative of MSG sent a letter, dated November 18, 2004, to ZIPPORAH and respectfully refers the Court to the letter for the contents and language thereof.

8. Denies the allegations contained in paragraph 58 of the Counterclaim, and avers that both MSG and ZIPPORAH provided copies of the documentary to various third parties for purposes of obtaining consents and for other purposes not constituting "public exhibition or distribution" as referred to in paragraph 10(c) of the Agreement

9. Denies the allegations contained in paragraph 59 of the Counterclaim, and respectfully refers the Court to the Agreement for the terms thereof.

10. Denies the allegations contained in paragraph 60 of the Counterclaim, and respectfully refers the Court to the Agreement for the terms thereof.

COUNT I

11. Repeats and realleges its responses to the allegations contained in paragraphs 1 through 60 of the Answer and Counterclaim.

12. Denies the allegations contained in paragraph 62 of the Counterclaim.

13. Denies the allegations contained in paragraph 63 of the Counterclaim.

## COUNT II

14. Repeats and realleges its responses to the allegations contained in paragraphs 1 through 63 of the Answer and Counterclaim.

15. Denies the allegations contained in paragraph 65 of the Counterclaim.

16. Denies the allegations contained in paragraph 66 of the Counterclaim.

## COUNT III

17. Repeats and realleges its responses to the allegations contained in paragraphs 1 through 66 of the Answer and Counterclaim.

18. Denies the allegations contained in paragraph 68 of the Counterclaim and respectfully refers the Court to the Agreement for the terms thereof.

19. Denies the allegations contained in paragraph 69 of the Counterclaim.

20. Denies the allegations contained in the "Prayer for Relief" and "Wherefore" sections of the Counterclaim and specifically denies Defendant and Counterclaim-Plaintiff MSG is entitled to any of the relief sought in the Counterclaim.

21. Denies the allegations contained in the Counterclaim that are not expressly admitted herein.

### FIRST DEFENSE

### (Failure to State a Claim)

22. The Counterclaim fails to state a claim against ZIPPORAH upon which relief can be granted and further fails to state facts sufficient to entitle MSG the relief sought, or to any relief whatsoever.

## SECOND DEFENSE

### (Waiver)

23. Counterclaim-Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## THIRD DEFENSE

### (Estoppel)

24. Counterclaim-Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH DEFENSE

### (Laches)

25. Counterclaim-Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

### (Unclean Hands)

26. Counterclaim-Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

### (Breach of Contract)

27. Counterclaim-Plaintiff's claims are barred in whole or in part on the ground that the acts and omissions of Counterclaim-Plaintiff and/or its agents, employees, servants and contractors with respect to the Agreement and the obligations of Counterclaim-Plaintiff set forth therein constitute breach of contract

4

## SEVENTH DEFENSE

### (Additional Defenses)

28. Counterclaim-Defendant presently has insufficient knowledge and information upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Counterclaim-Defendant reserves the right to assert additional affirmative defenses for which it has developed factual support pending the outcome of discovery or otherwise.

WHEREFORE, Plaintiff and Counterclaim-Defendant ZIPPORAH respectfully requests that this Court enter an Order: (a) dismissing the Counterclaim in its entirety with prejudice; and (b) granting such other relief as the Court deems just and proper.

Dated: New York, New York
      October 5, 2006

McLAUGHLIN & STERN, LLP

By _____
    Steven J. Hyman (SH 2097)
    Charles L. Mandelstam (CM 9267)
    Deanna R. Waldron (DW 2611)
    Attorneys for Plaintiff and
        Counterclaim-Defendant
        ZIPPORAH FILMS, INC.
    260 Madison Avenue
    New York, NY 10016
    (212) 448-1100