UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ZIPPORAH FILMS, INC.,

       Plaintiff,

   v.

MADISON SQUARE GARDEN, L.P.,
MADISON SQUARE GARDEN CENTER, INC.,

       Defendants,

-----------------------------------------------------------X

Index No. 06 CV 6451 (DC)

ECF Case


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO SEAL EXHIBIT "D" TO THE COMPLAINT**


McLaughlin & Stern, LLP
Attorneys for Plaintiff
260 Madison Avenue
New York, NY 10017
(212) 448-1100

**PRELIMINARY STATEMENT**

ZIPPORAH FILMS, INC. ("plaintiff" or "ZIPPORAH") submits this memorandum of law in opposition to defendant Madison Square Garden L.P.'s ("defendant" or "MSG") motion to seal the DVD copy of the documentary film entitled *The Garden* that is attached as Exhibit "D" to the Complaint ("*The Garden*" or the "Film"). The DVD of the Film at issue is at the core of this case.

Defendant's motion to seal the Film should be denied. As this Court is well aware, sealing of court documents should not be lightly undertaken, and a party seeking such action must meet a heavy burden to justify what the Second Circuit acknowledges as an "extraordinary" act. This they cannot do. As detailed below, defendant's claim that it is entitled to seal the Film at issue fails for several reasons. First, MSG has already released the Film to third parties without regard to its so called concern about confidentiality. As documented in the Wiseman Declaration submitted herewith, MSG sent the Film it now seeks to seal to such entities as the Harlem Globetrotters and the NAACP Job Fair, with no limitations on its use or safe keeping. Under such circumstances we submit the law is clear that it cannot now try to put the "genie back in the bottle".

Second, under the common law presumption to judicial access and the standard appropriate to considering the basis for Rule 26 discovery, defendant cannot establish that sealing is justified under the law. The four scenes it claims are confidential in this three plus hour documentary simply do not warrant the action sought. Under no reasonable standard can these four scenes - nine years later - be considered confidential business information under the judicial standards required.

Nor does defendant do any better under its claim that the Film should be sealed because

plaintiff did not obtain third party consents. We submit that whatever consents were required under the contract were obtained and that defendant is using this as a recently created device to stop plaintiff from distributing the Film. It cannot form the basis for sealing the Film now.

Finally, it must be noted that the thrust of defendant's argument is premised on their view that the Clerk's office will permit misuse of court records. For four months, the Complaint with the Film annexed thereto has sat in the United States District Court Clerk's office with no problem. There is simply no basis to assume that the Clerk's office will now permit illegal copying or removal of the Film and its subsequent wrongful posting on the internet. There is no basis in law or fact for such a proposition.

## STATEMENT OF FACTS

The facts are fully set forth in the Declaration of Frederick Wiseman In Opposition to Exhibit D to the Complaint, dated January 22, 2007, ("Wiseman Dec.") submitted herewith. References to Exhibits "A" through "E" are to those exhibits annexed to the Wiseman Declaration.

## LEGAL ARGUMENT

## THE DOCUMENTARY FILM SHOULD NOT BE SEALED

Sealing requests must be carefully and skeptically reviewed to insure that there really is "an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994); *City of Hartford v. Chase*, 942 F.2d 130, 135-36 (2d Cir. 1991). Here, not only has MSG not demonstrated such a need but the critical circumstance is that MSG sent out the Film to third parties without restriction and waived its right to designate the material as confidential and to rely on third party privacy interests. Further, defendant's motion to seal does

not measure up under either the common law presumption of judicial access doctrine, or the standard required for a protective order under Rule 26(c)(7).

A. **MSG Waived Its Right To Claim the Film Is Confidential and Have the Film Sealed When It Publicly Disseminated the Film To Third Parties**

In this case MSG has waived its right to claim that the Film is confidential and is not entitled to an order which would seal the Film. This is the case because MSG has itself already disclosed the information and publicly disseminated the precise information which it now seeks to have sealed. As the law is clear that in such circumstance, MSG cannot assert a claim of confidentiality. See *Sherwin Williams v. Spitzer*, 04 CV 185, 2005 WL 2128938, *12-14 (N.D.N.Y. August 24, 2005). In *Sherwin Williams*, the court held that information would not be sealed under a protective order by virtue of the fact that the information was provided to a third party where a confidential privilege did not exist. *Id.* at 14. The court recognized that confidentiality could be waived if the information has been "publicly disseminated via marketing documents, advertisements, publication, sales literature, press releases, and in other forums." *Id.* Likewise, the Second Circuit has recognized that once information has been publicly disseminated it loses its alleged confidential status. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004). "When information that is supposed to be confidential - whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb. . . is publicly disclosed. . . it necessarily remains public." *Id.* at 144, n.11.

MSG took no heed of the alleged confidential and proprietary information and the alleged interests of third parties when it sent out copies of the film in January 2005 to numerous third parties who are shown in the film. Robert A. Brandon, MSG's Senior Vice President Legal

and Business Affairs, sent letters, dated January 14 and 31, 2005, to various third parties either enclosing a copy of the Film or indicating that a copy would be sent to them. Exhibit "A," Wiseman Dec. at ¶ 4, the Declaration of Robert A. Brandon In Support of Defendant's Motion to Seal Exhibit D to the Complaint, dated January 10, 2007 ("Brandon Dec.") at ¶ 13. In none of these letters does it indicate the confidential or proprietary nature of the Film, nor that the Film or any scenes in it were to be kept confidential and secret. Exhibit "A," Wiseman Dec. at ¶ 4. Further, there was no caution to protect the purported interests of third persons or entities depicted in the film. *Id.* Indeed, Mr. Brandon suggested that the third parties *"review [the film] in its entirety so as not to miss anything that we may have overlooked."* Exhibit "A." (Emphasis added).

Therefore, as the Film has already been shared by defendant with third parties it should not be sealed.

### B. MSG Does Not Meet Its Burden Under the Presumption In Favor of Public Access To Court Records And Against Sealing Documents

MSG does not meet its burden under the long standing presumption in favor of public access to court records and against sealing documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Gambale*, 377 F.3d at 140. "The preference for public access is rooted in the public's first amendment right to know about the administration of justice," *Orion*, 21 F.3d at 26, and "the need for federal courts...to have a measure of accountability." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) (ellipsis in original).

First, the Film enjoys the presumption of public access because it is an integral part of

this case and is the subject matter of this litigation. Further, the Court must necessarily view it in order to adjudicate this action. The presumption of public access is at its highest "when asserted with respect to documents relating to matters that directly affect an adjudication." *Gambale*, 377 F.3d at 140. Such "judicial documents" are "relevant to the performance of the judicial function and useful in the judicial process." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

The Film is central to the allegations and ultimate determination in this action. A copy of the Film was filed as an exhibit to the Complaint because it was essential that the Court be able to view the Film and the scenes which MSG identified as confidential in order to determine whether or not MSG had unreasonably withheld its approval to publicly exhibit and distribute the Film. The four scenes in question are: (a) a staff meeting between Mr. Russo and several department heads at MSG regarding labor relations (DVD Disc 1 time 1:18:00 - 1:24:50), (b) a Legal Department staff meeting regarding the labor issues of Toys-R-Us renting space in the Expo Center and negotiations with the union (DVD Disc 1 time 1:39:00 - 1:44:45), (c) an Executive Committee meeting of MSG senior management regarding a security breach at the Grammy Awards Show (DVD Disc 2 time 0:27:00 - 0:30:50); and (d) a scene taking place at the Mall entry of metal detector screenings. (DVD Disc 2 time 0:21:02-0:22:00).[1] Wiseman Dec. at ¶13. The Court must necessarily view these scenes in order to ascertain that MSG's confidential designation was improper and in the context of the entire Film that MSG's withholding of approval was unreasonable.

---

[1] MSG is attempting to bootstrap the alleged confidentiality of four scenes that comprise less than eighteen minutes in the more than three hour Film to justify sealing the whole Film.

Against the Film's presumption of judicial access, defendant raises its own alleged privacy interests and those of its third party clients and alleged harm to its business and relationships. In the circumstances of this case these privacy interests do not outweigh the presumption of access. In determining the weight to be accorded an assertion of a right of privacy, courts consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Courts also take into consideration whether the information is true business information which has been kept confidential and whose disclosure is likely to harm a business's ability to compete in its marketplace. *Stanley Works v. Newell Co.*, Civ. No. 2:91-488 (TEC), 1993 WL 151298, *3-4 (D.Conn. January 29, 1993). Information which merely has the potential for personal hurt or business embarrassment is not sufficient to justify sealing. *Id.* at *3.

First, nothing said in the Film by MSG could be deemed to be private confidential business information, especially nearly nine years later. It is not financial records, personnel files or the like. Notably, at no time has MSG set forth with any specificity what is confidential about the information in the Film. Rather it relies on general and conclusory allegations. See Brandon Dec. at ¶¶10 and 15. It would appear that MSG seeks to seal the Film to avoid how it is being portrayed in the scenes. See *Stanley Works*, 1993 WL 151298 at *3.

Next, as discussed above at pp. 3-4 and in the Wiseman Declaration at ¶ 4, the information MSG seeks to protect has not been kept confidential. Instead, third parties who were sent copies of the Film were not told that the Film contained confidential business information.

Moreover, MSG's reliance on the privacy interests of its third party clients and its claim that the Film should be sealed because plaintiff did not obtain written third party consents is

6

misplaced. ZIPPORAH obtained any necessary consents that were required under the Agreement and by law at the time of filming. Wiseman Dec. at ¶ ¶8,10, 18, 19, 21, and Exhibit B, at ¶¶ 4 and 7. At or before the filming of each event, MSG obtained the events' affirmative permission and consent for filming and usage, by actually going to the events' liaisons and asking for permission for filming and usage. Wiseman Dec. at ¶¶ 9, 10, 18, 21; see also Exhibits "D" and "E." In every instance, MSG informed Mr. Wiseman that consent had been obtained. Wiseman Dec. at ¶¶ 10, and 21. The filming was thus conducted with each third parties' and events' knowledge and consent. Wiseman Dec. at ¶10. They knew Mr. Wiseman was filming a documentary and that the scenes could be used in the finished Film. Wiseman Dec. at ¶ 10. Accordingly, alleged third party interests cannot form the basis for sealing the Film now.

Finally, the nature and degree of injury alleged by MSG is not sufficient to justify overcoming the presumption of access and sealing the Film. *S.E.C. v. The Street.com,* 273 F.3d at 222. Once again, MSG has only offered conclusory and speculative allegations of potential harm to its relationship with third party clients, its employees, and in future business negotiations. Brandon Dec. at ¶¶ 10 and 15. With regard to the purported harm to its relationship with third parties, MSG has not attached the venue license contracts it purports to now rely on. Wiseman Dec. at ¶ 8. Further, at no time did MSG inform ZIPPORAH that it had third party agreements that would impact on the Film or that required ZIPPORAH to obtain any special post filming consents. Wiseman Dec. at ¶ 8.

The vital interest of public access and against sealing, and the failure of defendant to overcome the presumption, militates in favor of the Court denying defendant's sealing motion.

7

C.  **MSG Does Not Meet The Burden Under the Standard
    For a Protective Order Under FRCP 26(c)(7)**

The standard for a protective order under Rule 26(c) in the discovery context is also instructive for this motion. Federal Rule of Civil Procedure 26(c)(7) provides that a district court, "for good cause shown," may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c)(7).

Defendant would not be able to obtain a protective order sealing the Film under this standard as it has not demonstrated either good cause or that the information sought is confidential. *Bank of New York v. Meridien BIAO Bank Tanz., Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997). For information to be confidential under Rule 26(c), courts look at: (1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors. *Bank of New York*, 171 F.R.D. at 143-44. MSG has not set forth specific articulation of the harm from disclosure, and instead has relied upon stereotypical and conclusory statements that the information is confidential and as to harm. *Id.* at 144-45; *see also Allen v. City of New York*, 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006). Here, the fact that MSG sent out copies of the film to various entities and specifically instructed them to review the entire film demonstrates that it took no measures to guard the secrecy of the film and is fatal to any claim either that the material is confidential or that it has good cause to have the film sealed now.

## **CONCLUSION**

For the foregoing reasons, plaintiff ZIPPORAH FILMS, INC. respectfully submits that defendant's motion to seal the Film should be denied in its entirety, that the Temporary Order sealing the Film should be vacated, and that the Court should grant such other relief as it may deem just and appropriate.

Dated: New York, New York
      January 22, 2007

McLAUGHLIN & STERN, LLP

By: _____
Steven J. Hyman (SH 2097)
Deanna R. Waldron (DW 2611)
Charles L. Mandelstam (CM 9267)
Attorneys for Plaintiff
260 Madison Avenue
New York, NY 10016
(212) 448-1100