Zipporah Films, Inc. v. Madison Square Garden, L.P. et al Doc. 17
Jan 28 07 11:23p    Bobby Goldwater         3012295866              p.2
Case 1:06-cv-06451-DC    Document 17    Filed 01/29/2007    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIPPORAH FILMS, INC., | : |
| PLAINTIFF, | : |
| -AGAINST- | : CASE NO. 06 CV 6451 (DC) |
| MADISON SQUARE GARDEN, L.P., MADISON SQUARE GARDEN CENTER, INC., | : **ELECTRONICALLY FILED** |
| DEFENDANTS. | : |

**DECLARATION OF BOBBY GOLDWATER IN SUPPORT OF DEFENDANT'S MOTION TO SEAL EXHIBIT D TO THE COMPLAINT**

Bobby Goldwater declares:

1. I worked for Madison Square Garden L.P. ("MSG") in a variety of executive positions from 1974 through 1998. During the shooting of Zipporah Films Inc.'s ("Zipporah") purported documentary, entitled "The Garden" (the "Film"), I was MSG's Vice President of Facilities Presentation. In that capacity, I managed a variety of marketing, communications, and operational tasks for MSG, reporting to General Manager Robert Russo. In 1998, I left MSG to become the Senior Vice President and General Manager of Staples Center in Los Angeles, California. I later became Staples Center's Senior Vice President of New Business. In 2000, I became the President and Executive Director of the D.C. Sports and Entertainment Commission in Washington, D.C., where my responsibilities included managing R.F.K. Stadium and leading the successful effort to bring Major League Baseball back to the Nation's Capital. Currently I am President of The Goldwater Group LLC, a sports and entertainment industry consulting and management company in Bethesda, Maryland.

2. I make this declaration in support of Defendant's Motion to Seal Exhibit D to the Complaint. I have personal knowledge of the facts set forth herein.

3. During the shooting of the Film, I acted as Frederick Wiseman's primary contact at MSG. I went to great lengths to accommodate Mr. Wiseman and the Zipporah film crew, arranging access to and assistance at a wide variety of activities, including concerts, family shows, sporting events, non-public operations, and executive meetings.

4. I reminded Mr. Wiseman more than once of MSG's requirement and Zipporah's contractual obligation to obtain the written consent of various event promoters and/or producers for the right to use footage of their proprietary events in the Film. I advised him that permission to shoot an event was not the same as permission to exploit the event in the Film. MSG officials were able to arrange access for Mr. Wiseman's crew to events at MSG in part because the event promoters were informed they would have the opportunity to approve the use of any proprietary footage in the Film. It was customary for crews taping or filming an event at Madison Square Garden to obtain consent for using the event footage directly from the event promoter or producer.

5. I am unaware of anyone at MSG ever suggesting to Mr. Wiseman that the necessary consent from third parties to include proprietary footage in the Film had been obtained on Zipporah's behalf.

6. I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge, information and belief. Executed on January 28, 2007, at Bethesda, Maryland.


Bobby Goldwater