```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

ZIPPORAH FILMS, INC.,                :

                Plaintiff,           :     ORDER

         - against -                 :     06 Civ. 6451 (DC)

MADISON SQUARE GARDEN, L.P.,         :
MADISON SQUARE GARDEN CENTER, INC.,
                                     :
                Defendants.
                                     :
- - - - - - - - - - - - - - - - - -x

CHIN, D.J.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/07

      On August 25, 2006, plaintiff filed a complaint against defendants, seeking a declaration that: (1) defendants unreasonably withheld approval of the documentary film, <u>The Garden</u>, produced by plaintiff, and (2) plaintiff is entitled to publicly exhibit and distribute the film pursuant to the terms of an agreement (the "Agreement") between the parties. (<u>See</u> Complaint ("Compl.")). Plaintiff attached a DVD copy of the documentary film as Exhibit D to the Complaint. (Compl. Ex. D).

      Defendants move to seal Exhibit D of the Complaint, arguing that public access to the film through the court records would render their contractual rights meaningless. On December 14, 2006, I issued a temporary order sealing Exhibit D to provide both parties an opportunity to brief the issue. Having considered the arguments of both parties, I hold that Exhibit D shall remain sealed.

      Although there is generally a presumption of public access to court records, <u>see, e.g.</u>, <u>Nixon v. Warner Commc'ns</u>

Zipporah Films, Inc. v. Madison Square Garden, L.P. et al     Doc. 19

Inc., 435 U.S. 589, 597-98 (1978), the circumstances of this case outweigh this presumption. Indeed, the very core of this dispute involves whether plaintiff has a right to publicly exhibit and distribute the film pursuant to a contract that the parties signed. Thus, to allow the public to access the film through the court records arguably would render both defendants' contractual rights and this entire litigation meaningless.

Nonetheless, plaintiff argues that: (1) defendants waived their right to claim that the film is confidential by publicly disseminating the film to third parties; (2) defendants cannot establish that sealing is justified given that defendants have issues with only four scenes from the entire film; and (3) there is no basis to assume that the Clerk's office would permit illegal copying or removal of the film. All of these arguments are rejected.

First, contrary to plaintiff's suggestion, defendants did not waive any right to confidentiality. The film was not publicly disseminated. Rather, it was provided to defendants' clients, whose consent was required before plaintiff could release the film. (Declaration of Robert A. Brandon ("Brandon Decl.") ¶¶ 4, 7).

Second, plaintiff's argument that the Court should not seal the entire film based solely on the four scenes at controversy is insincere. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Seal Exhibit "D" to the Complaint ("Pl. Opp.") at 5 n.1). Plaintiff cannot have it both

ways.  He cannot argue that the four scenes are integral to the film, and then turn around and argue that the entire film should not be sealed based merely on four scenes that comprise less than eighteen minutes of the more than three-hour film.  Clearly, these four scenes are important enough such that plaintiff is unwilling to delete them from his film.

Third, plaintiff's argument that the Court should not assume that the Clerk's office will permit misuse of court records is beside the point.  (Pl. Opp. at 2).  The public has a right to access the film so long as it is a public record.

Accordingly, defendants' motion to seal Exhibit D is granted.  Exhibit D will be kept under seal.

SO ORDERED.

Dated:   New York, New York
         February 14, 2007

                                    DENNY CHIN
                                    United States District Judge